JUSTICE COTTER
dissents.
¶22 I dissent. I would conclude that counsel for the Defendant arguably rendered ineffective assistance of counsel in registering no objection to the introduction of Parker’s prior conviction, and in further failing to request any of the procedural and substantive protections attendant to Just Notice that this Court has said must be implemented when evidence of bad acts is to be placed before the jury.
¶23 According to M. R. Evid. 404(b), evidence of other crimes is not admissible to prove the character of a person to demonstrate that he acted in conformity therewith; such evidence may however be admitted for other purposes “such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” (Notably, impeachment of the complaining witness is not among these exceptions.) We have been called upon to address the requisites of this Rule many times. Recently, in State v. Ferguson, 2005 MT 343, 330 Mont. 103, 126 P.3d 463, we reiterated the procedural protections that must be followed before and after evidence of prior bad acts is introduced, as previously announced in State v. Ayers, 2003 MT 114, ¶ 77, 315 Mont. 395, ¶ 77, 68 P.3d 768, ¶ 77. Among other things, at the time of the introduction of the evidence, the trial court must explain to the jury the limited purpose for the admission of the evidence. Then, the court shall, in its final charge, again instruct the jurors as to the limited purpose for the evidence, and warn that the defendant is not being tried for the prior crime and may not be unjustly convicted by them for the other offense. Ferguson, ¶ 48. These important safeguards were not implemented here, nor did defense counsel ask for them.
¶24 The Court concludes that the relevance of the prior crime testimony outweighs any prejudice to the Defendant. Under other circumstances, I might disagree yet conclude that the decision was nonetheless within the permissible bounds of the trial court’s discretion. Here, however, the evidence came in without any of the cautionary instructions which we said in Ferguson must be implemented when such evidence is admitted. As a result, the *217 prejudice to Parker was manifest. At best, counsel should have objected to the admission of the evidence in violation of the Order in Limine. At a minimum, once it became evident the evidence would be admitted, counsel should have insisted on such instructions for the protection of his client. The failure to do either was, in my judgment, arguably below the objective standard of reasonableness and prejudicial to the Defendant. Strickland, 466 U.S. at 686, 104 S. Ct. at 2063-64. I would therefore either reverse outright on this basis or dismiss for consideration in postconviction proceedings. I therefore dissent.